ERMINA HOLMES, Appellant, v. L. D. LEAD-BETTER, Respondent.

St. Louis Court of Appeals, June 10, 1902.

1. **Contract: NOVATION: ACTION.** Plaintiff and defendant made a written contract for the exchange of certain properties, and by its terms defendant was to pay plaintiff a sum of money; afterwards owing to questions raised concerning the title of plaintiff (which it was agreed should be "perfect") a new agreement between the parties was made and afterwards performed: *held,* that no right of action remained to plaintiff for the sum of money mentioned in the original contract and that the new agreement amounted to a novation.

2. **Party to Action is Bound by His Evidence as Witness.** A party to an action is bound by his evidence as a witness with like effect as an admission in a pleading.

3. **Demurrer to Evidence: INFERENCES.** Every reasonable inference which the testimony will bear in plaintiff's favor should be given, in passing upon the correctness of a demurrer to the evidence; but where plaintiff's own testimony excludes any fair inference warranting a recovery, the trial court correctly instructs to find for defendant.

4. Justices' Courts: DEFENSE TO ACTION. In an action begun before a justice of the peace, any defense which the facts may develop is available to defendant without pleading the same.

5. ———: MARRIED WOMAN MAY MAINTAIN AN ACTION BEFORE A JUSTICE OF THE PEACE WITHOUT JOINING HER HUSBAND. A married woman has the right to maintain an action at law before a justice of the peace without joining her husband.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper*, Judge.

AFFIRMED.

*J. N. Guthrie* and *H. H. Bloss* for appellant.

(1) The demurrer to the evidence in this case should not have been given, unless, after conceding the truth of all that appellant testified to and every reasonable inference to be drawn from the facts in evidence, it can be said, that plaintiff failed to prove some material element necessary to make up her cause of action. Young v. Webb City, 150 Mo. 331; Roe v. Annan, 80 Mo. App. 198; Kattlemen v. Fire Association, 79 Mo. App. 447; Bird v. Railroad, 146 Mo. 265. (2) Where a contract is complete, and one party proposes a modification of it, such proposed modification is not binding on the other party unless he assents to it; and even then such assent must be based on an additional consideration independent of the original one. Moomaw v. Emerson, 80 Mo. App. 322; Henning v. Ins. Co., 47 Mo. 425; Merril v. Trust Co., 46 Mo. App. 236.

*Isaac V. McPherson* for respondent.

(1) The court committed no error in sustaining respondent's demurrer to the evidence because, in an action upon a contract, a performance of its terms in every essential particular must be shown before a re-

covery can be had. Marsh v. Richards, 29 Mo. 99; Eyerman v. Mt. Sinai Cemetery Association, 61 Mo. 489; Freeman v. Aylor, 62 Mo. App. 613. A plaintiff must have alleged and proved performance on her part of the whole contract. Billupps v. Daggs, 38 Mo. App. 367. (2) By the contract sued on appellant could not recover without proof by her that the condition upon which the exchange was agreed to be made, that is, "provided she, Ermina Holmes, can make a perfect title to same," had happened because all conditions precedent contained in a contract must be complied with before a right of action on the contract accrues to the party agreeing to perform them. Monks v. Miller, 13 Mo. App. 363; Craycroft v. Walker, 26 Mo. App. 469. (3) These parties modified the original contract sued on, by agreeing to exchange their lands on other terms, to which modified and new contract they each agreed. Where this is so no action can be maintained on the original contract, but their rights stand as expressed in the new or modified contract. Sutter v. Raider, 149 Mo. 297.

BARCLAY, J.—This action was instituted before a justice of the peace of Lawrence county, Missouri, in August, 1901, to recover two hundred dollars, mentioned in the following contract which forms the foundation of plaintiff's claim:

"Ash Grove, Mo., Dec. 2, 1899.

"Contract made this above day and date by and between Ermina Holmes and L. D. Leadbetter, to-wit: I, L. D. Leadbetter agree to exchange my right and interest in eighty acres of land with one-half of wheat now growing and in possession of said tract of land and two hundred dollars in cash for her, Ermina Holmes' one-third interest in farm owned by her husband E. R. Gresham, provided she, Ermina Holmes, can

make a perfect title to same.  Transfer to be made any day.

(Signed)                              "L. D. LEADBETTER,

                                      "ERMINA HOLMES."

The signers of the foregoing document are the defendant and plaintiff in this case.  The second signer, Mrs. Holmes, is a married woman who sues alone.

The short statement on which the case began avers the execution of the contract on the day of its date, and that plaintiff complied on her part in all respects with its terms.  It then charges that defendant, Mr. Leadbetter, failed to pay the money mentioned therein.  It is for that alone (with interest and costs) that plaintiff sues.

Plaintiff had judgment before the justice, but on appeal to the circuit court the learned trial judge at the close of the evidence instructed the jury to find for the defendant.  They did so, and judgment was entered accordingly.  Plaintiff appealed in the ordinary way.

The gist of the defense is, that after the contract was made and before any attempt to execute it, Mr. Leadbetter became skeptical of plaintiff's ability to make a "perfect title" which the contract demanded of her.  The facts concerning her title are not very fully disclosed by the record.  So far as we can discern them it appears that she had been previously married to a Mr. Gresham, who died leaving her and some children surviving him.  The question which Mr. Leadbetter raised was whether she really had a one-third interest in fee simple in the farm, or only that interest as dower for her lifetime.  The parties seem to have been then upon an entirely friendly footing and agreed to refer the question to an attorney who advised them that plaintiff could not make a perfect title to a one-third interest in the land.  The consummation of the original contract was thus checked.

The present husband of the plaintiff thereupon had a conference with the defendant on behalf of plaintiff. After some negotiation between Mr. and Mrs. Holmes and defendant it was finally agreed that the contract should be executed in other respects except that defendant should retain the two hundred dollars in order to protect himself against liability to pay the children of Mr. Gresham for their interest in one-third of the property in the event of plaintiff's death. It is unnecessary to state particularly the features of the final agreement. It is plain to us, however, that owing to the condition of the title which Mrs. Holmes possessed, a new arrangement was concluded between the parties for the exchange of the property mentioned, in which agreement the payment of the two hundred dollars by defendant (as originally stipulated) was abandoned by plaintiff.

Some passages in plaintiff's evidence which deal with this proposition are as follows:

"Q. Didn't you make an arrangement with Leadbetter that you would trade your interest in this land in Stone county that you spoke of, for his eighty acres of land? A. I made the trade that he reserve the two hundred dollars because he would have to pay my part of it back to my children.

"Q. Did you make a trade even by which you traded your land even for his? A. It was no new trade, he simply reserved two hundred dollars, that was all.

"Q. Did you trade your land for his even? A. I traded my life interest in my land for his."

"Q. You don't deny that you did make an agreement with Mr. Leadbetter there to exchange land without the two hundred dollars? A. I arranged to exchange land, he reserving two hundred dollars.

"Q. For what? A. Because he would have to pay the children if I should die.

"Q. Because he would have to pay the children

six hundred dollars he reserved this two hundred dollars?  A.  Yes, sir.

"Q.  And gave you his land for yours?  A.  Yes, sir.

"Q.  That is the arrangement you did make?  A. Yes, sir.

"By the Court:  When was this two hundred dollars to be paid to you, was it when you could make a perfect title?  A.  Yes, sir.

"Q.  When you could make a perfect title?  A. Yes, sir.

"Q.  He agreed to reserve it until you could make a perfect title to the land, is that the way I understand you that you want to be understood, that he was to reserve the two hundred dollars to pay to you when you could make a perfect title to the land, was that the agreement?  A.  Yes, sir, he just reserved it.

"Q.  And agreed to pay it to you when you could make a perfect title?  A.  Yes, sir, if I could make a perfect title.

"Q.  And you traded without the two hundred dollars being paid, and it was to be paid, that was the condition in the second agreement, that the two hundred dollars shouldn't be paid until you could make a perfect title to the land?  A.  That was the substance of it."

Plaintiff made two deeds to defendant for her interest, the first of which purported to convey only her dower, while the second and later one was a full quitclaim deed to whatever interest she possessed in the land and to correct a misdescription.  There was also a supplemental agreement by which plaintiff accepted certain fence posts and crops to counterbalance errors of calculation concerning other features of the trade. When the stipulations on each side were reformed they were mutually executed, and both parties went into possession of the real property intended to be exchanged.

Upon the above showing of facts, the learned trial judge determined that plaintiff was not entitled to recover of defendant the two hundred dollars mentioned in the contract in suit.

1.    We are of the opinion that he was entirely correct in his ruling.

Plaintiff testified with candor and frankness. We do not doubt that her account of the transaction is reliable. It indicates, however, that a new agreement was substituted for the old and that both parties complied with the new agreement.

The contention of plaintiff's counsel that every reasonable inference which the testimony would bear in plaintiff's favor should be accorded to her (in passing upon the correctness of a peremptory instruction for defendant) is sound and supported by abundant authority. But we consider that her own testimony excludes any fair and reasonable inference that the two hundred dolars sued for is an existing obligation of the defendant.

The full performance of the new agreement by defendant was a valid and valuable consideration for the release of the plaintiff's claim for the two hundred dollars cash mentioned in the first one.

2.    Plaintiff as a party to the action was bound by the evidence which she gave upon the material facts of the case. It was held in Shirts v. Overjohn, 60 Mo. 308, that the "testimony of the defendant constituted an admission, as fully as if it had been embraced in an answer." That ruling has been recently approved in Feary v. Railway, 162 Mo. 105. Those decisions are of binding authority on this court.

Defendant was not required to file any pleading by way of answer in the action, as it was begun before a justice of the peace. Any lawful defense which the facts might develop was available to him.

The admissions of plaintiff constituted a perfect defense based on a novation or substitution of a new

agreement between the parties which has been fully performed. In that state of the case there could, of course, be no recovery on the original contract.

3.   Plaintiff, although a married woman, has the undoubted right to bring an action at law before a justice of the peace and to maintain it on sufficient facts under the existing law of Missouri (R. S. 1899, sec. 4335).

4.   The trial court was right in giving the instruction for a verdict for defendant. On plaintiff's own showing she was not entitled to recover the two hundred dollars.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.